IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

CINDY GALEANO,

    Plaintiff,                                    Case No.

v.

T.C. RESTAURANT GROUP, LLC, a Limited
Liability Foreign Company d/b/a Jason Aldean's
Kitchen and Rooftop Bar,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CINDY GALEANO, by and through her undersigned counsel, brings this action against Defendant, T.C. RESTAURANT GROUP, LLC, a Limited Liability Foreign Company, (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendant, and was paid an hourly wage.

4. Throughout her employment, Defendant deprived Plaintiff of proper overtime

compensation for her hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the Middle District of Tennessee because Defendant's principal place of business is in this District.

7. Further, a substantial part of the events or omissions giving rise to this claim occurred in the Middle District of Tennessee.

## THE PARTIES

8. Plaintiff Cindy Galeano, a natural person, is, and at all times relevant hereto was, a citizen of the State of Tennessee, residing in Davidson County.

9. Defendant, T.C. RESTAURANT GROUP, LLC, d/b/a Jason Aldean's is a Limited Liability Foreign Company whose principal place of business was and is in Davidson County.

## FLSA COVERAGE

10. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including food, cooking tools, alcoholic beverages, non-alcoholic beverages, cash registers and other items essential to its business.

13. Based upon information and belief, the annual gross revenue of Defendant was in

excess of $500,000.00 per annum at all times relevant hereto.

14. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

16. At all times material hereto, Defendant was an enterprise covered by the FLSA.

## FACTUAL ALLEGATIONS

17. In approximately May 1, 2018 Defendant hired Ms. Galeano work as a non-exempt cook.

18. From at least May 1, 2018 and continuing through September 5, 2018, Defendant failed to compensate Ms. Galeano at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

19. Ms. Galeano should be compensated at the rate of one and one-half times her regular rate for those hours that she worked in excess of forty (40) hours per week, as required by the FLSA.

20. Defendant has violated Title 29 U.S.C. § 207 from at least May 1, 2018 and continuing through September 5, 2018, in that:

   a. Ms. Galeano worked in excess of forty (40) hours during most weeks for the period of her employment with Defendant;

   b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Ms. Galeano at the statutory rate of one and one-half times her regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

21. Plaintiff realleges and incorporates paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff worked in excess of forty (40) hours per week in most if not all work weeks.

23. Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

24. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours that she worked in excess of forty (40) hours.

25. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

26. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for her hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

27. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

28. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

29.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

30.     Plaintiff demands a trial by jury.

## COUNT II - RETALIATION

31.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

32.     On September 4, 2018, Plaintiff questioned Defendant's human resources manager about not being paid overtime for the hours she worked in excess of 40 hours per week.

33.     The next day, September 5, 2018, Plaintiff was terminated.

34.     Defendant discriminated against Plaintiff because she sought to enforce her rights to be paid proper overtime wage pay, in accordance with the FLSA.

35.     Defendant's action towards Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

36.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a.  Awarding Plaintiff overtime compensation in the amount due to her for her time worked in excess of forty (40) hours per work week while employed by Defendant;

    b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.  Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and

practices complained of herein are in violation of the overtime wage provisions of the FLSA;

e. Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendant failed to keep accurate time records;

f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA;

g. Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendant failed to prove a good faith defense;

h. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the termination of Plaintiff is in violation of the retaliation provision of the FLSA;

i. That Plaintiff is entitled to overtime wages, liquidated damages, compensatory damages and punitive damages, and reasonable attorneys' fees pursuant to the FLSA;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED:                                                     Respectfully submitted:

*/s/ BRIAN C. WINFREY*
Brian C. Winfrey
MORGAN & MORGAN, P.A.
810 Broadway, Suite 105
Nashville, TN 37203
T: (615) 490-0944
bwinfrey@forthepeople.com

*Counsel for Plaintiff*