# EXHIBIT A

# SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement") is made and entered into between Cindy Galeano ("Galeano") and T.C. Restaurant Group, LLC ("TCR") (collectively, the "Parties").

## WITNESSETH:

WHEREAS, Galeano was employed at-will by TCR from on or about June 4, 2018 until her separation of employment effective on or about September 4, 2018 (the "Separation Date");

WHEREAS, Galeano filed a lawsuit in the Middle District of Tennessee, Case No. 3:19-cv-0112 against TCR (the "Lawsuit"), seeking damages and asserting failure to pay overtime and retaliation under the Fair Labor Standards Act ("FLSA");

WHEREAS, TCR denies the averments made by Galeano in the Lawsuit;

WHEREAS, the Parties engaged in mediation before Michael Russell on October 17, 2019;

WHEREAS, in an effort to avoid the time consuming and costly nature of litigation and without admitting any fault, the Parties desire to resolve fully and finally all claims or allegations, whether based upon federal or state law, that have arisen out of Galeano's employment with TCR up until the date of the execution of this Agreement, including but not limited to those alleged in the Lawsuit;

WHEREAS, the Parties have agreed to enter into two separate settlement agreements, with this Agreement pertaining exclusively to Plaintiff's FLSA overtime claim and a second agreement pertaining to all remaining claims;

WHEREAS, the Parties acknowledge and agree that this Lawsuit involves *bona fide* disputed issues of law and fact including, but not limited to, whether Galeano was properly paid overtime and/or compensated for all hours worked. The Parties acknowledge and agree that given these *bona fide* disputes as to issues of law and fact, this Agreement is the result of negotiation and compromise by the Parties and is a fair and reasonable settlement of Galeano's FLSA overtime claim; and

THEREFORE, in consideration of the mutual promises herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is agreed as follows:

1. **Settlement Amount**.

   (a) TCR agrees to pay in compromise and settlement, and Galeano agrees to accept in full accord and satisfaction of her overtime claim, including any attorneys' fees and costs, the total sum of $5,000.00 (the "Payment"), payable as follows:

(i) $2,500 shall be made payable to Morgan & Morgan (Tax ID No. 59-2920684) as attorneys' fees and costs, for which an IRS Form 1099 shall issue;

(ii) $1,250 shall be made payable to Galeano as alleged liquidated damages, for which an IRS Form 1099 shall issue; and

(iii) $1,250 shall be made payable to Galeano as back wages, less applicable taxes and withholdings, for which an IRS Form W-2 shall issue.

(b) The Payment in Paragraph 1(a) shall be delivered to Andrew Frisch, Esq., counsel for Galeano, within fifteen (15) business days from the date the Court approves the terms of the Agreement and enters an Order dismissing the Lawsuit with prejudice.

2. **General Release of Claims.**

(a) As a material inducement to TCR entering into this Agreement, Galeano forever settles, releases, compromises, reaches accord and satisfaction, waives, remises, discharges, and acquits TCR, and each of its predecessors, successors, purchasers, subsidiaries, assigns, affiliates, or parent and the officers, directors, agents, affiliates, directors, managers, and employees of all of them, and any successors, purchasers, and predecessors of all of them (collectively, the "Released Parties") from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, and expenses, of any nature whatsoever which Galeano now has, owns, or holds, or claims to have, own, or hold, or which Galeano at any time hereafter may have, own or hold, or claim to have, own or hold, arising out of the payment of wages to her during her employment with TCR.

(b) Galeano fully understands and agrees that this Agreement may be pled by the Released Parties as a complete defense to any claim or entitlement which may be hereafter asserted by her or on her behalf in any suit, claim, or grievance proceeding against the Released Parties.

3. **Tax Liability.** Galeano agrees that to the extent that any additional federal or state taxes of any kind may be due or payable as a result of the Payment referred to in Paragraph 1 above, she will be responsible for the payment of such taxes and will hold the Released Parties harmless in the event of any claim against any of them for payment of such taxes. Said agreement to hold the Released Parties harmless shall include Galeano's agreement to indemnify the Released Parties for any and all loss, cost, damage, or expense, including, but without limitation, attorneys' fees associated with defending against such claim for taxes.

4. **No Admission of Liability.** It is understood and agreed that this Agreement is not, and shall not in any way be construed as, an admission by any of the Released Parties of a violation of any federal, state, or local statute or regulation, or a violation of any right of Galeano's or any other person.

5. **Voluntary Agreement.** Galeano has read all of the terms of this Agreement and understands that this Agreement releases the Released Parties forever from any legal action arising from her employment relationship with TCR and the separation thereof. Galeano acknowledges that she signs this Agreement of her own free will and in exchange for the consideration to be given, which she acknowledges is adequate and satisfactory. Galeano declares that she is competent to execute this Agreement. Galeano acknowledges that she has been advised to consult with her attorney before signing this Agreement. Galeano further acknowledges and agrees that the terms of this Agreement have been read to her in Spanish and that she fully understands the terms herein.

6. **Good Faith Resolution.** The Parties to this Agreement acknowledge that it reflects their good faith compromise of Galeano's overtime claim raised in the Lawsuit based upon their respective assessments of the mutual risks and costs of further litigation.

7. **Agreement to Repay.** Should Galeano ever attempt to obtain an order declaring this Agreement to be null and void, or institute litigation against TCR or any Released Party based upon a claim that is covered by the terms of this Agreement, Galeano will, as a condition precedent to such action, repay $2,500 which was paid to her under the terms of this Agreement.

8. **Compliance.** Galeano represents that she has not reported, and has no factual basis to report, any possible violations of the FLSA or Tennessee wage and hour laws to any court, attorney, governmental entity or any other organization empowered to enforce such laws, rules, and regulations, with the exception of the allegations in the Lawsuit.

9. **Miscellaneous.**

(a) This is the entire agreement between the Parties and takes the place of any prior agreement, representation, or promise on the subject matter contained herein, except as identified in this Agreement. The Agreement cannot be modified except in writing signed by both Galeano and an authorized representative of TCR. If any provision of this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

(b) This Agreement binds and inures to the benefit of Galeano's heirs, administrators, representatives, executors, successors, and assigns and binds and inures to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

(c) This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against any Released Party or Galeano. Captions are intended solely for the convenience of reference and shall not be used in the interpretation of this Agreement.

(d) The Parties agree that this Agreement is contingent upon the Court approving its terms and entering an Order dismissing the Lawsuit with prejudice. The Parties agree to jointly submit this Agreement to the Court for review and approval, along with a joint request for

approval of the settlement and dismissal of the Lawsuit. In the event the Court requires the Parties to submit legal briefing and/or attend a hearing to obtain approval as to the reasonableness or fairness of the terms of settlement, the Parties agree to cooperate with respect to apprising the Court regarding the history of the case and terms of settlement.

(e) This Agreement shall be governed by the laws of the State of Tennessee.

**THE UNDERSIGNED FURTHER STATES THAT THEY HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AND GENERAL RELEASE AGREEMENT AND UNDERSTAND THE CONTENTS THEREOF, AND THAT THEY EXECUTE THE SAME OF THEIR OWN FREE ACT AND DEED.**

WHEREFORE, the Parties voluntarily enter into this Agreement by affixing her and its signature hereunto on the date set forth below.

**Cindy Galeano**  
Date: 12-27-19

**T.C. Restaurant Group, LLC**  
By: Franciska Davey  
Title: Corporate Administrator  
Date: 1-10-2020